Dena McCLAIN, Appellant,

v.

Robert H. MOORE, Appellee.

No. 12–84–0250–CV.

Court of Appeals of Texas,
Tyler.

Nov. 21, 1985.

Mark Strachan, Longview, for appellant.

Ebb B. Mobley, Mobley, Green, Harrison & Sparks, Longview, for appellee.

COLLEY, Justice.

This is a child custody case. Dena McClain, respondent/appellant, and Robert H. Moore, petitioner/appellee, are the divorced parents of the child Timothy Moore. McClain is the natural mother of Cory Trujillo, a male child born to a former marriage of McClain. Following a bench trial, the court signed an order on September 14,

1984, appointing Moore as managing conservator of both children. McClain alleges four points of error contending, (1) that Moore did not have standing (justiciable interest) to seek conservatorship of Cory, (2) that the court erred in appointing Moore as managing conservator of Cory because McClain was not shown to be an unfit parent, and (3)(4) that the evidence is insufficient to support Moore's appointment as managing conservator of the children. We will affirm the judgment.

The trial court at McClain's request made and filed the following findings of fact, to-wit:

### FINDINGS OF FACT

Movant Robert Henry Moore will be referred to as 'ROBERT.' Respondent Dena McClain will be referred to as 'DENA.'

1. DENA was divorced from Ramon Trujillo in July, 1976, in the District Court, Chaves County, New Mexico, in case No. 40758. DENA was awarded custody of the parties' child, a son, Cory Don Trujillo, date of birth February 28, 1976, hereinafter referred to as Cory.

2. DENA married ROBERT April 3, 1978. To that marriage was born one son, Timothy Erin Moore, date of birth March 23, 197[9], hereinafter referred to as Timmy.

3. ROBERT and DENA were divorced October 17, 1979, in the 307th Family District Court, Gregg County, Texas, in Cause No. 79–1645–Dr. DENA was appointed managing conservator, and ROBERT was appointed possessory conservator of TIMMY.

4. DENA moved to New Mexico with TIMMY and CORY after the Texas divorce. DENA voluntarily relinquished physical possession of TIMMY and CORY to ROBERT in October, 1980. ROBERT brought TIMMY and CORY back to Texas where they have lived since that time.

5. CORY and TIMMY have always lived together since TIMMY was born.

6. DENA married Babe McClain in October, 1982.

7. DENA has had visitation with her sons in both Texas and New Mexico since the boys began to live with ROBERT in October, 1980.

8. There has been a voluntary placement arrangement between ROBERT and DENA since October, 1980 that should not be changed, and CORY and TIMMY should not be separated.

9. It is not in the best interest of CORY and TIMMY to retain DENA as managing conservator of TIMMY and custodian of CORY.

10. It is in the best interest of CORY and TIMMY that ROBERT be appointed managing conservator of CORY and TIMMY.

11. It is in the best interest of CORY and TIMMY that DENA be appointed possessory conservator of CORY and TIMMY.

By her points of error nos. 3 and 4, McClain contends that the evidence is insufficient to support the modification order appointing Moore as managing conservator of the children based on Section 14.-08(c)(1)(A), (B) & (C) [1] which reads:

(c) After a hearing, the court may modify an order or portion of a decree that:

(1) designates a managing conservator if:

(A) the circumstances of the child, managing conservator, possessory conservator, or other party affected by the order or decree have materially and substantially changed since the entry of the order or decree to be modified; and

(B) the retention of the present managing conservator would be injurious to the welfare of the child; and

(C) the appointment of the new managing conservator would be a positive improvement for the child; or

1. TEX.FAM.CODE ANN.(Vernon Supp. 1975–1985).

Moore also sought managing conservatorship of the children under the provisions of Section 14.08(c)(1)(D) which authorizes a change of managing conservatorship if "the managing conservator has voluntarily relinquished possession and control of the child for a period of more than twelve months and the modification is in the best interest of the child; . . . ." The trial court's findings of fact nos. 1 through 5, and 8 through 11 are amply supported by the evidence, and such findings support the appointment of Moore as managing conservator of the children under Section 14.08(c)(1)(D). No abuse of discretion is shown. Points three and four are overruled.

By her first point of error McClain contends that Moore had no "standing" to seek conservatorship of Cory. She argues that Moore had no interest in Cory under former Section 11.03,[2] which was in effect at the time the original motion to modify was filed. In addition, she contends that even under the current Section 11.03[3] Moore had no interest because he had not had possession of Cory for six months at the time the original motion was filed. McClain's arguments under this point are not persuasive. Moore's original motion to modify was filed on December 16, 1980. On April 13, 1984, he filed an amended motion to modify alleging that he had maintained possession and control of Cory for more than six months immediately preceding the filing of the amended petition. A motion to modify is clearly a suit affecting the parent-child relationship under Section 11.01(5).[4]

TEX.R.CIV.P. 65 provides that when an amended pleading is filed, "the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause. . . ." Thus the original motion to modify filed by Moore in 1980 was superseded by the 1984 amended motion. *Drake Ins. Co. v. King*, 606 S.W.2d 812, 817 (Tex.1980). Moore did not have a justiciable interest in the custodial status of Cory on December 16, 1980, when he filed his original motion to modify. However, Moore did have such an interest in Cory on April 13, 1984, the date he filed the amended motion. As we read Section 11.03, the phrase, "the filing of the petition" has reference to the live pleadings existing at the time the challenge is made by the adversary of the person seeking conservatorship. The first point is overruled.

McClain claims under her point of error no. 2 that the court erred in appointing Moore as managing conservator of Cory because there was no showing that she was an unfit parent. Section 14.01(b)[5] reads in part: "A parent shall be appointed managing conservator of the child unless the court finds that the appointment of the parent would not be in the best interest of the child." This language codifies the long-standing, judicially created, rebuttable presumption that the interest of children is best served by awarding custody to their natural parent. *Taylor v. Meek*, 154 Tex. 305, 276 S.W.2d 787, 790 (1955). The burden of proof rests on the party seeking to deprive a parent of the custody of a child to establish that the appointment of the parent "would not be in the best interest of the child." Sec. 14.01(b). *See also Herrera v. Herrera*, 409 S.W.2d 395, 396 (Tex. 1966). Moore had and sustained that burden; he was not required to prove and secure a finding that McClain was an unfit

---

2. "A suit affecting the parent-child relationship may be brought by any person with an interest in the child, including the child (through a representative authorized by the court), any agency of the state or of a political subdivision of the state, and any authorized agency." Acts 1973, 63rd Leg. ch. 543, § 1, 1973 Tex.Gen.Laws 1411, 1413.

3. The 1983 amendments added the following sentence: "A person has an interest in a child if the person has had possession and control of the child for at least six months immediately preceding the filing of the petition or is named in Section 11.09(a) of this code as being entitled to service by citation." Tex.Fam.Code Ann. (Vernon Supp. 1975–1985).

4. TEX.FAM.CODE ANN. (Vernon 1975).

5. TEX.FAM.CODE ANN. (Vernon 1975).

parent. *Herrera v. Herrera, supra.* Point two is overruled.

The judgment is affirmed.