NUMBER 13-03-528-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

IN THE INTEREST OF A. A. E., A MINOR CHILD
___________________________________________________________________

On appeal from the 107th District Court
of Cameron County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         Appellant, the biological mother of A.A.E., a minor child, brings this appeal from
a divorce proceeding wherein, among other things, the trial court named both parents
joint managing conservators of the child and ordered that appellant have the exclusive
right to determine the primary residence of the child within Cameron County. It also
awarded each parent possession of the child on a three-day rotating basis.


 By six
issues, appellant contends the following: (1) the trial court abused its discretion in
overruling appellant's motion to reconsider, in changing visitation from the standard
visitation schedule to a three-day/three-day rotation, in allowing appellant's motion for
new trial to be overruled as a matter of law, and in relying on the evidence because
it was factually insufficient; (2) the trial court prevented appellant from presenting
error to this Court by refusing to allow her to make a bill of exceptions showing
evidence she wished to present in support of her motion to reconsider; and (3) the trial
court failed to file additional or amended findings of fact and conclusions of law. We
affirm.
I. Background
         All issues of law presented by this case are well settled, and the parties are
familiar with the facts. Therefore, we will not recite the law or the facts in this
memorandum opinion, except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis
A. Motion for Rehearing
         By her first issue, appellant contends that the trial court abused its discretion
in overruling her motion to reconsider without a hearing and by disregarding the Model
Standards of Practice for Child Custody Evaluations, more specifically, by relying on
a report allegedly unsupported by evidence and prepared by a probation officer who
did not have the proper qualifications.
         Following a bench trial, appellant refused to sign the final decree of divorce, and
a hearing was convened to consider a motion to enter the decree filed by appellee, the
child's biological father, and appellant's motion to reconsider. The record shows that
appellant's attorneys were permitted to present argument in support of the motion for
reconsideration, including the need for more time before the entry of the judgment to
investigate appellee's relationship with another woman and to allow a psychologist to
perform a second social study.
         It is clear from the record that the trial court heard appellant's motion to
reconsider. Moreover, "[i]t is within the trial court's discretion to permit the reopening
of a case for the purpose of admitting additional evidence." Naguib v. Naguib, 137
S.W.3d 367, 372 (Tex. App.–Dallas 2004, pet. denied). "Unless the trial court has
clearly abused its discretion, an appellate court should not disturb its refusal to reopen
a case for the purpose of admitting additional evidence." Id.
         Texas Rule of Civil Procedure 270 allows the trial court to permit additional
evidence to be offered at any time when it clearly appears to be necessary to the due
administration of justice. Tex. R. Civ. P. 270. The trial court may consider the
following factors in determining whether to permit additional evidence: "(1) the
moving party's due diligence in obtaining the evidence; (2) the decisiveness of the
proffered evidence; (3) any undue delay the reception of the evidence could cause; and
(4) any injustice the granting of the motion could cause." Naguib, 137 S.W.3d at
373. "Where these factors are present, it may be a trial court's duty to grant a party's
motion to offer additional evidence." Id. "However, these are just factors to be
considered. Therefore, if all of the factors are not satisfied, a trial court's ruling on a
party's motion to reopen the evidence should not be disturbed." Id.
         In this case, the social study about which appellant complains was filed with the
trial court six months before trial. Neither party raised objections to the trial court's
order requiring the social study or to the appointment of Daniel L. Gomez as the
investigator.


 On August 29, 2003, after the trial had been completed and before the
divorce decree was signed, the trial court heard appellee's motion to enter the decree
and appellant's motion to reconsider the court’s conservatorship and possession order. 
An August 28, 2003 social study prepared by A.J. Alamia, Jr., Ph.D., professor of
psychology at U.T. Pan American, mediator, and trial consultant, was submitted as
part of appellant's motion to reconsider. Appellant requested that the trial court
reopen the evidence to allow the admittance of Dr. Alamia’s report which criticized the
qualifications, methodologies, and recommendations of Gomez. Appellant also asked
for an additional thirty days for Dr. Alamia to perform an in-depth social study. The
trial court took judicial notice of the documents on file.
         Appellant has failed to show that the evidence she sought to offer was not, or
could not have been, available to her at the time of trial. Although the social study
prepared by Gomez had been on file for more than six months before trial, appellant
did not offer the report of her psychologist until after the bench trial, after the trial
court made its ruling in open court, and immediately before the decree was signed. 
Due diligence is at issue in this case.


 See id. Additionally, appellant sought to
arrange for further in-depth evaluation by Dr. Alamia, thus we cannot conclude the
evidence that appellant sought to offer was decisive. See id. Because all of the
factors set out in Naguib are not satisfied, we conclude the trial court did not abuse
its discretion in denying appellant's motion to reconsider. See id. Appellant's first
issue is overruled.
         By her second issue, appellant complains that the trial court erred by refusing
to allow her to make a bill of exception showing evidence she wished to present in
support of her motion to reconsider. While the trial court denied appellant an
opportunity to develop the excluded testimony in a question-and-answer form,
appellant informed the court of the substance of the testimony sought to be admitted
in an offer of proof. See In re N.R.C., 94 S.W.3d 799, 806 (Tex. App.–Houston [14th
Dist.] 2002, pet. denied); compare Tex. R. Evid. 103(a)(2) (providing that offer of proof
is trial-time offer of evidence excluded by court) with Tex. R. App. P. 33.2 (setting out
that formal bill of exception is post-trial offer of evidence in written form).
         Appellant's offer of evidence was presented to the court in the form of a
concise statement by appellant's counsel. In re N.R.C., 94 S.W.3d at 806 (concluding
formal proof not required, and courts prefer concise statement over lengthy
presentation). Appellant's counsel adequately described the substance of the proposed
testimony regarding appellee's relationship with another woman and Dr. Alamia's
preliminary evaluation that had been filed as an exhibit to appellant's motion to
reconsider. Counsel also referenced the best interest of the child and urged that there
had been a material and substantial change in the circumstances of the child since it
rendered its oral decision. We conclude that the trial court did not prevent appellant
from presenting error, if any, to this Court through an offer of proof. Appellant's
second issue is overruled.
B. Visitation
1. Standard of Review
         The applicable standard of review governing possession orders is abuse of
discretion. See G.K. v. K.A., 936 S.W.2d 70, 72 (Tex. App.–Austin 1996, writ
denied). Section 153.002 provides that "[t]he best interest of the child shall always
be the primary consideration of the court in determining the issues of conservatorship
and possession of and access to the child." Tex. Fam. Code Ann. § 153.002 (Vernon
2002). There is a rebuttable presumption that the standard possession order (1)
provides reasonable minimum possession of a child for a parent named as a possessory
conservator or joint managing conservator, and (2) is in the best interest of the child. 
Niskar v. Niskar, 136 S.W.3d 749, 756 (Tex. App.–Dallas 2004, no pet.) (citing Tex.
Fam. Code Ann. § 153.252 (Vernon 2002)). A trial court can, however, deviate from
the standard possession order, and when doing so may consider the following: (1) the
age, developmental status, circumstances, needs, and best interest of the child; (2)
the circumstances of the managing conservators; and (3) any other relevant factor. 
See id. (citing Tex. Fam. Code Ann. § 153.256 (Vernon 2002)).
         Under an abuse of discretion standard, legal and factual sufficiency of the
evidence are not independent grounds for asserting error, but are relevant factors in
determining whether the trial court abused its discretion. Id. at 753; see Handley v.
Handley, 122 S.W.3d 904, 907 (Tex. App.–Corpus Christi 2003, no pet.) (explaining
sufficiency of evidence was relevant factor in division of property in divorce action).
2. Change from Standard Visitation to Three-day/Three-day Rotation
         In her third issue, appellant first contends that the trial court abused its
discretion when it changed the standard visitation set out in the temporary orders to
a three-day/three-day visitation in the divorce decree, because it disregarded the
guiding principle of section 156.102 of the family code which requires that a change
take place only if it is shown "that the child's present environment was endangering
her physical health or significantly impairing her emotional development." See Tex.
Fam. Code Ann. § 156.102 (Vernon Supp. 2004-05). While we acknowledge that
appellant is urging only that we follow the guiding principle of section 156.102, we
note that modification standards are not applicable where a temporary standard
visitation schedule is superceded by a different visitation schedule in the final decree
of divorce, although the behavior of both parents during that period is certainly
relevant to the final determination. See Lide v. Lide, 116 S.W.3d 147, 155 (Tex.
App.–El Paso 2003, no pet.); see also Tex. Fam. Code Ann. § 153.002 (Vernon 2002)
(providing best interest of child always primary consideration of court in determining
issues of conservatorship and possession of and access to child). Moreover, because
section 156.102 applies only to the modification of the designation of the person
having the exclusive right to designate the primary residence of a child and because
appellant's status as that person was not modified, it is not directly applicable under
the facts of this case. See Tex. Fam. Code Ann. § 156.102 (Vernon Supp. 2004-05).
         Appellant also contends the trial court disregarded guiding rules and principles
by basing its decision on the social study prepared by Gomez because he was not
qualified and his method was unscientific. Additionally, appellant complains, by issue
six, that the evidence is factually insufficient to support the three-day/three-day
visitation schedule.
         The record, in this case, reveals that appellant sought to be named sole
managing conservator of the child with all rights, privileges, duties and powers thereof
in her original petition for divorce, and appellee sought joint conservatorship with all
the rights and duties of a parent conservator in his original counter petition for divorce. 
Both parties requested the exclusive right to determine the residence of the child. On
January 16, 2003, the trial court held a hearing on the temporary orders. Among
other things, the parties informed the court that they had agreed upon joint managing
conservatorship and that appellant would have the right to determine the primary
residence within Cameron County. The parties could not agree on visitation. 
Appellant requested that appellee have visitation on Wednesday and limited visitation
on Saturday and Sunday. Appellee asked for a seven-day split visitation schedule.
         On March 12, 2003, by temporary order the trial court appointed the parties
temporary joint managing conservators of the child and awarded appellant the
exclusive right to establish the child's primary residence within Cameron County. In
addition, the trial court ordered standard visitation pursuant to the Texas Family Code. 
The trial court also granted appellee's motion requesting that a social study be
conducted and appointed an investigator to complete the study. No objections were
made to the request for a social study, to the granting of the request, or to the
investigator appointed by the court.



         The record also shows that on May 8, 2003, appellee's motion to modify the
visitation order to equal visitation based on the results of the court-ordered social
study was denied. In open court, the trial court explained that he did not "think
changing visitation at [that] time in view of the August [trial] setting and the July
month [scheduled visitation with appellee] [was] in the best interest of the child." 
Appellant made no objection to the social study, the investigator, or his
recommendations at this hearing.
         On August 4, 2003, both parties announced ready for trial. Again, no
objections were made to the study at this hearing or at the bench trial that began on
August 6, 2003. During trial, appellant testified that although appellee was critical of
her actions at times, he participated in the child's life. Appellee had visitation with the
child pursuant to the temporary order. He communicated with the child when appellant
had possession. Appellant testified that appellee participated in decisions regarding the
child's schooling and attended teacher/parent conferences and open houses. Appellant
also testified that she did not mind if appellee had visitation rights that were over and
above the standard. Additionally, appellant stated that the child had love and support
from appellant's parents, sister and extended family as well as from appellee's parents.
         After hearing testimony of appellant and arguments of counsel, and after
considering the court-ordered social study, the trial court named both parents joint
managing conservators of the child and, contrary to the recommendation of the
investigator, ordered that appellant have the exclusive right to determine the primary
residence of the child within Cameron County. It also awarded each parent possession
of the child on a three-day rotating basis which differed from the standard visitation
order set out in the court's temporary order. The court's statements indicate that it
took into account the needs and best interest of the child, the circumstances of the
conservators, and other relevant factors, including the social study that was properly
before the court and the earlier agreement of the parties. See Tex. Fam. Code Ann. §
153.256 (Vernon 2002).
         "[B]ecause the trial court is in the best situation to observe the demeanor and
personalities of the witnesses and can feel the forces, powers, and influences that
cannot be discerned by merely reading the record," In re H.S.N., 69 S.W.3d 829, 831
(Tex. App.–Corpus Christi 2002, no pet.), and because factual sufficiency of the
evidence is not an independent ground for asserting error, but one of the relevant
factors we review in making our determination, see Niskar, 136 S.W.3d at 753, we
conclude the trial court did not abuse its discretion when it deviated from the standard
order and determined that a three-day/three-day visitation schedule was in the best
interest of the child. We overrule appellant's third and sixth issues.
C. Additional or Amended Findings of Fact and Conclusions of Law 
         In issue five, appellant complains that the trial court committed reversible error
when it did not file amended or additional findings of fact and conclusions of law,
specifically findings and conclusions regarding the trial court's deviation from the
standard visitation order, because such findings and conclusions are indispensable to
determining precisely why the trial court deviated from the standard order.


 We
disagree. 
         The trial court in this case issued findings of fact and conclusions of law on
October 13, 2003, but did not issue additional findings and conclusions requested by
appellant. See Tex. R. Civ. P. 296 & 298. However, "[a] trial court is only required
to make findings on ultimate controlling issues, not on mere evidentiary issues." In the
Interest of S.A.W., 131 S.W.3d 704, 707 (Tex. App.–Dallas 2004, no pet.) (citing In
re Marriage of Edwards, 79 S.W.3d 88, 94 (Tex. App.–Texarkana 2002, no pet.)). 
"An ultimate issue of fact is one that is essential to the cause of action and seeks a
fact that would have a direct effect on the judgment." Id. "Other factual
determinations the court may have considered in determining this controlling issue
were merely evidentiary issues." Id.
         Appellant argues that her request could have clarified the basis of the trial
court's determination that the split visitation was in the best interest of the child. 
However, that is not the test used in determining whether a fact is ultimate or
controlling and, therefore, one which the trial court must make. The ultimate or
controlling issue when addressing questions of conservatorship and possession is the
best interests of the child. Tex. Fam. Code Ann. § 153.002 (Vernon 2002). Here, the
trial court entered a finding of fact that it was in the best interest of the child to
equally divide access and possession of the child with each parent having the child on
a rotating three-day schedule. Thus, the findings of fact did expressly address the
ultimate or controlling fact essential to the claim and necessary to the judgment
executed below. No additional findings were needed. See McClain v. Moore, 701
S.W.2d 62, 64-65 (Tex. App.–Tyler 1985, no writ) (holding that it was enough to
prove that child's best interest warranted change in custody and that petitioner "was
not required to prove and secure a finding that [the mother] was an unfit parent");
Bennett v. Northcutt, 544 S.W.2d 703, 709 (Tex. Civ. App.–Dallas 1976, no writ)
(stating that since only issue involved in name change of child was "the best interest
of the child" any finding other than what was in the best interest of child was merely
evidentiary). Accordingly, we find no error in the trial court's failure to enter the
additional findings and conclusions sought by appellant. We overrule appellant's fifth
issue.
D. Motion for New Trial
         Appellant complains by her fourth issue that the trial court abused its discretion 
by allowing her motion for new trial to be overruled as a matter of law. Appellant filed
a motion for new trial complaining of the change in the visitation schedule. In support
of her motion, appellant relied on Dr. Alamia's home evaluation study wherein he
concluded the child's "reactive adjustment difficulties to the split custodial
arrangement . . . are detrimental to the child's psychosocial development." Although
noting that "[d]ue to the nature of the Court's ruling on the motion for reconsideration
in this custody dispute, [he] was unable to interview the biological father of this child
and conduct a similar assessment as done on . . . the biological mother," Dr. Alamia
gave his professional opinion "that the best interests of [the child], it [sic] not best be
served under the current fifty (50%) fifty (50%) custodial arrangement." Dr. Alamia
recommended that the "child . . . reside with [appellant]. . . . and that [appellee]
continue his active participation in child rearing responsibilities and be granted a
visitation schedule commensurate with the family code." We construe appellant's
motion for new trial as one based on newly discovered evidence.
         Whether the trial court grants a motion for new trial based on newly discovered
evidence is a matter within its discretion. State Farm Lloyds v. Nicolau, 951 S.W.2d
444, 452 (Tex. 1997); Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983),
overruled on other grounds by Moritz v. Preiss, 121 S.W.3d 715, 721 (Tex. 2003). 
A motion based on newly discovered evidence must set out the following: (1) that the
evidence has come to his knowledge since the trial; (2) that it was not owing to the
want of due diligence that it did not come sooner; (3) that it is not cumulative; and (4)
that it is so material that it would probably produce a different result if a new trial
were granted. See Jackson, 660 S.W.2d at 809. Moreover, a motion filed by a party
who seeks a new trial on the ground of newly discovered evidence must be verified
and should include affidavits supporting each element set out above. See Brown v.
Hopkins, 921 S.W.2d 306, 310-11 (Tex. App.–Corpus Christi 1996, no writ); see also
Zuniga v. Zuniga, 13 S.W.3d 798, 803 n.4 (Tex. App.–San Antonio 1999, no pet.),
disapproved on other grounds by In re Z.L.T., 124 S.W.3d 163, 166 (Tex. 2003)
(holding when motion based on grounds listed in rule of procedure 324(b)(1) including
newly discovered evidence, or any other ground that requires presentation of evidence
at hearing, it is necessary to verify motion for new trial and include affidavits).
         In this case, the newly discovered evidence consisted of Dr. Alamia's report
which was attached to the motion "for the Court's use in deciding this Motion for New
Trial." There was neither an affidavit on the part of appellant or the doctor nor was
the motion verified by appellant's attorney or anyone else. Moreover, as discussed
above in section II.A., Motion for Rehearing, if the same effort used to procure Dr.
Alamia's report subsequent to trial would have procured it if exercised prior to trial,
due diligence has not been exercised. See Jackson, 660 S.W.2d at 809. Accordingly,
the trial court did not abuse its discretion when it allowed the motion to be overruled
as a matter of law without an evidentiary hearing.


 We overrule appellant's fourth
issue.
         Nonetheless, we note that should circumstances change, as has been suggested
through the arguments presented by appellant in her motion for new trial, a parent
whose rights have been restricted may file a motion to modify the trial court's order. 
See Niskar, 136 S.W.3d at 756; see also Tex. Fam. Code Ann. §156.002 (Vernon
2002) (stating after court makes original custody determination, party may move to
modify that determination). The Texas Family Code provides for modification of an
order as to conservatorship, support, or possession of and access to a child if the
modification would be in the best interest of the child and the circumstances of the
child or a conservator, among others, has materially and substantially changed. 
Niskar, 136 S.W.3d at 756 (citing Tex. Fam. Code Ann. § 156.101(1) (Vernon 2002)).
III. Conclusion
         We affirm the judgment of the trial court.                                                                                           
                                                                                 NELDA V. RODRIGUEZ
                                                                                 Justice

Memorandum Opinion delivered and 
filed this 9th day of June, 2005.