**Earl R. MILSTEAD, Appellant,**

v.

**Joan Norton MILSTEAD, Appellee.**

**No. 1961.**

Court of Appeals of Texas, Corpus Christi.

April 22, 1982.

Paul Dodson, Corpus Christi, for appellant.

J. Norman Thomas, Harris, Cook & Browning, Corpus Christi, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a judgment entered pursuant to a settlement agreement entered into in open court during a jury trial. Suit was filed by Joan Norton Milstead [hereinafter "the appellee"] against Earl Ray Milstead [hereinafter "the appellant"] and others, for the partition of property not divided in a 1979 Virginia divorce decree, and for other relief. Louise Hillbun, Roy Downer, and Mohammad Mojallali were also named as defendants but are not parties to this appeal. The appellant in his sole point of error contends that the trial court erred in rendering the judgment because "there was a lack of interest to an agreed judgment."

The record reflects that on November 17, 1980, the appellee filed her Third Amended Petition, naming the appellant and others as defendants. The petition alleged that the appellee and the appellant were married on May 14, 1960 in Darby, Pennsylvania. While residing in Texas, they acquired the seven tracts of land, the division or partition of which was the subject matter of this suit. Thereafter, on January 12, 1979, the appellee was granted a divorce from the appellant by a decree from a Virginia Court. The Virginia decree failed to divide the seven tracts of land in question, as well as the appellant's military retirement benefits. The petition also alleged that the appellant failed to pay the spousal support, child support, and attorney's fees ordered by the Virginia court in its decree.

The appellant and Louise Hillbun filed answers to the appellee's petition. Thereafter, on January 19, 1981, in open court,

the parties announced that they had reached a settlement. The terms of the settlement were dictated into the record. At the conclusion of the dictation of the settlement agreement, all parties stated, in open court, that they understood and agreed with the settlement. On March 23, 1981, the appellee filed a "Motion For Judgment" in which she requested the trial court to render the judgment attached thereto as "Exhibit A." However, the record before us in this appeal does not contain a copy of the "Exhibit A" referred to in the appellee's motion. On March 26, 1981, the appellant filed a "Motion for Judgment." The judgment proposed by the appellant conflicted with that of the appellee with respect to certain notes secured by liens on the subject property.

The record next indicates that on March 31, 1981, the trial court signed what purports to be an agreed judgment. Thereafter, on April 9, 1981, the appellant filed a motion entitled "Motion To Make The Transcript Of The Settlement Agreement Conform To The Truth And To Vacate The Judgment." In this motion, the appellant alleged that the judgment signed on March 31, 1981 was based on an incomplete transcript of the settlement agreement. He requested that the judgment be vacated, and that the judgment proposed by him be substituted therefor. Following a hearing, the court denied the appellant's motion and this appeal followed.

The appellant contends that the judgment should be set aside because there was no mutual consent to the entry of the judgment. In support of this contention, the appellant cites *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951) for the well established rule that a valid agreed judgment cannot be entered when the consent of one of the parties is lacking.

The Motion for Judgment submitted to the court by the appellant conflicted with the motion submitted by the appellee. The judgment proposed by the appellant, in our opinion, accurately reflected the terms of the settlement as dictated into the record. The judgment proposed by the appellee, and eventually signed by the court, conflicted with the settlement agreement with respect to certain notes secured by liens on the subject property. The court, by signing the judgment proposed by the appellee, altered the settlement agreement dictated into the record. Such a judgment cannot stand. *See Vickrey v. American Youth Camps, Inc.*, 532 S.W.2d 292 (Tex.1976). The trial court has no power to supply terms, provisions or details not previously agreed to by the parties. *Travelers Ins. Co. v. Williams*, 603 S.W.2d 258, 261 (Tex.Civ.App.—Corpus Christi 1980, no writ).

When the parties submitted conflicting motions for judgment, the trial court was put on notice that mutual consent of the parties was lacking. At that point, rather than granting one party's motion and denying the other, the court should have denied *both* motions on the ground that mutual consent was lacking. *See Leal v. Cortez*, 569 S.W.2d 536, 538 (Tex.Civ.App. —Corpus Christi 1978, no writ). The appellant's sole point of error is sustained. The judgment of the trial court is reversed and the case is remanded for a new trial.

REVERSED AND REMANDED.