**Janet Lord MILWEE, Appellant,**

v.

**David Michael MILWEE, Appellee.**

**No. 05–87–00987–CV.**

Court of Appeals of Texas, Dallas.

July 26, 1988.

William Allen Rice, Dallas, for appellant.

Frank H. Moore, Dallas, for appellee.

Before DEVANY, McCLUNG and THOMAS, JJ.

DEVANY, Justice.

Janet Milwee appeals from a divorce proceeding which she contends erroneously reflects the parties' agreement. In three points of error, Mrs. Milwee complains that: (1) the trial court erred in granting Mr. Milwee's motion to enter judgment because conflicting motions to enter judgment were before the trial court putting the trial court on notice that mutual consent was lacking; (2) the trial court erred in entering judgment based on Mr. Milwee's proposed decree because the proposed decree did not comport with the terms of the agreement reached on November 18, 1986; and (3) the trial court erred in denying Mrs. Milwee's motion for new trial. Finding no merit in Mrs. Milwee's points of error, we affirm the trial court's judgment.

In order to understand Mrs. Milwee's points of error, a detailed recitation of the facts in chronological order is necessary. On November 17, 1986, Mr. and Mrs. Milwee appeared in person and by their respective attorneys before the trial court pursuant to their divorce proceedings. A jury was empaneled and witnesses were sworn. On November 18, 1986, both parties again appeared in person and by their respective attorneys and announced to the court that an agreement had been reached. The agreement was read into the record and both parties were questioned by the trial judge on their understanding of the terms of the agreement. Both parties stated that they understood the agreement. Thereafter, the trial court stated, "I will grant the divorce and I will *render judgment* based on the agreements that I have read into the record." (Emphasis added). The trial court then requested Mr. Milwee's attorney to prepare the judgment as to form and submit it to Mrs. Milwee's attorney for his signature before sending it to the court.

Mrs. Milwee contends that she withdrew her consent to the entry of Mr. Milwee's proposed divorce decree *after* it was drafted but before it was signed by the parties or the trial court. Mrs. Milwee contends that the proposed divorce decree did not reflect the agreement of the parties. Thereafter, Mrs. Milwee requested that this cause be set on the jury docket. Mr. Milwee moved to enter judgment on the proposed divorce decree. Mrs. Milwee filed a response to this motion based on the premise that consent had effectively been withdrawn and that the proposed divorce decree did not reflect the actual terms of the agreement between the parties. Mrs. Milwee also filed her proposed decree of divorce.

On April 27, 1987, Mr. Milwee's motion to enter judgment was heard and granted by the trial court. On June 10, 1987, Mr. Milwee's decree of divorce was signed by

the trial court. Subsequently, Mrs. Milwee's motion for new trial was overruled.

Mrs. Milwee contends that the primary dispute between the parties concerns the agreement as to child support. The terms that Mrs. Milwee contends she agreed to were that Mr. Milwee would pay for the day care expense until such time as he was gainfully employed and then he would pay the day care expense or 22% of his net income, whichever is greater. The divorce decree drafted by Mr. Milwee state˄ that he will pay for the day care expense until he is gainfully employed at which time he would pay only 22% of his net income.

■ In her first point of error, Mrs. Milwee contends that the trial court erred in granting Mr. Milwee's motion to enter judgment because conflicting motions to enter judgment were before the trial court putting the trial court on notice that mutual consent was lacking. Mrs. Milwee directs this Court to the case of *Milstead v. Milstead,* 633 S.W.2d 347 (Tex.App.—Corpus Christi 1982, no writ). However, we hold that *Milstead* is not controlling under the facts of this case. In that case, the trial court signed a judgment that conflicted with the settlement agreement of the parties. *Milstead,* 633 S.W.2d at 348. Furthermore, the trial court had *not* rendered judgment prior to the submission of the conflicting motions to enter judgment. *Id.* After reviewing the record, we hold that neither of the above two aspects that were present in the *Milstead* case were present in this case.

On the day of trial when the parties agreed to a settlement, the trial court read the settlement into the record. The record reflects that the agreement made in open court is accurately reflected in the final divorce decree. In fact, upon detailed questioning by the trial court, Mrs. Milwee specifically stated that she understood the terms of the agreement—including the terms as to child support. Mrs. Milwee contends on appeal that since the divorce decree leads to the absurd result that Mr. Milwee pays less child support when he is working than when he is unemployed, the final decree is obviously not what the par-

ties agreed to before the court. Without commenting on the result of such an agreement, the record does reveal that the final decree reflected the agreement of the parties as read in open court.

■ Furthermore, judgment was rendered *on the day that the settlement agreement was read into the record.* The general rule is that an agreement for judgment will ordinarily not be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record. *Formby's KOA v. BHP Water Supply Corp.,* 730 S.W.2d 428, 429 (Tex.App.—Dallas 1987, no writ). A judgment cannot be rendered on an agreement after any party bound by the judgment has withdrawn consent to the agreement. *Formby's KOA,* 730 S.W.2d at 429.

"[T]he rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication" which "may be oral as well as written," and that a judgment is " 'rendered' when the decision is officially announced either orally in open court or by memorandum filed with the clerk."

*Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 292 (1953) (emphasis and citation omitted).

It is clear that judgment was rendered from the bench on November 18, 1986. Thus, Mrs. Milwee's withdrawal of her consent to the judgment was after judgment had already been rendered. A party may revoke his/her consent to settle a case anytime *before* judgment is rendered. *Samples Exterminators v. Samples,* 640 S.W.2d 873, 874–75 (Tex.1982). Mrs. Milwee failed to do so. Consequently, the trial court did not err in granting Mr. Milwee's motion to enter judgment. Mrs. Milwee's first point of error is overruled.

In her second point of error, Mrs. Milwee contends that the trial court erred in entering judgment based on Mr. Milwee's proposed decree because the proposed decree did not comport to the terms of the agreement reached on November 18, 1986. As stated under point of error number one, the

record supports the finding of the trial court that the divorce decree comported with the terms of the settlement agreement. Thus, Mrs. Milwee's second point of error is overruled.

In her third point of error, Mrs. Milwee contends that the trial court erred in denying her motion for new trial because of the lack of consent to the judgment and the alleged conflict as to the terms of the agreement. Since we have already decided these issues against Mrs. Milwee, we overrule her third point of error.

The judgment of the trial court is affirmed.