Dennis Mark **SKIDMORE**, Appellant,

v.

Leah Deloris **GLENN**, Appellee.

No. 05–89–00549–CV.

Court of Appeals of Texas, Dallas.

Nov. 21, 1989.

Richard D. Williams, Greenville, for appellant.

Holly Hale Gotcher, Greenville, for appellee.

Before STEWART, ROWE and BURNETT, JJ.

## OPINION

STEWART, Justice.

Dennis Mark Skidmore appeals the trial court's judgment in favor of appellee, Leah Deloris Glenn, his ex-wife, on her motion to modify their divorce decree. In a single point of error, Skidmore complains that the trial court erred in rendering an agreed judgment on Glenn's motion after he had withdrawn his consent to the agreement. We affirm the judgment of the trial court.

Under the divorce decree, both Glenn and Skidmore were possessory conservators of their children, and Shirley Reid, the paternal grandmother, was managing conservator. Glenn filed a motion to modify the divorce decree to provide for increased visitation with the children. On June 30, 1988, Skidmore, Glenn, and Reid agreed to modify the divorce decree to give Glenn standard visitation rights. This agreement was read into the record in open court. Skidmore, Glenn, and Reid were individually examined by both the attorneys and the

trial judge. Each stated that he or she understood the provisions of the agreement. In addition, Skidmore specifically stated that he was "agreeable to [the agreement]." The trial judge then said, "... All right. I'll enter an [o]rder approving the agreement." On January 5, 1989, Glenn filed a motion to enter order and a hearing was set for January 18. Skidmore filed an answer and a response to the motion to enter order on January 17, 1989. The response purported to revoke Skidmore's previous consent to the agreement reached on June 30. The trial court granted Glenn's motion and signed the order modifying visitation on January 18, 1989.

In his sole point, Skidmore complains that the trial court rendered an agreed judgment on Glenn's motion after he had withdrawn his consent to the parties' agreement. As a general rule, a party may effectively withdraw consent to an agreement prior to rendition of a judgment. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874 (Tex.1982). Thus, the dispositive issue in this appeal is whether the trial court orally rendered judgment at the June 30 hearing. Skidmore's position is that the trial judge did not render judgment until he signed the order on January 18, after Skidmore had withdrawn his consent to the agreement upon which the judgment was based.

Rendition of a judgment is distinguishable from entry of a judgment. *Ex parte Gnesoulis*, 525 S.W.2d 205, 209 (Tex. Civ.App.—Houston [14th Dist.] 1975, no writ). A judgment is rendered when the trial judge officially announces a decision of the law upon the matters at issue either orally in open court or by written memorandum filed with the clerk. *Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428, 430 (Tex.App.—Dallas 1987, no writ). Entry of a judgment is a purely ministerial act by which the trial court's judgment is made of record and preserved. *Ex parte Gnesoulis*, 525 S.W.2d at 209.

Skidmore advances three arguments to support his position that the trial judge did not render judgment until January 18.

First, Skidmore argues that, since the docket sheet for June 30 does not mention the parties' agreement, it cannot be said that judgment was entered by docket sheet notation on that date. We agree. We note that even if the docket sheet notation for June 30 had mentioned the agreement at issue, as a rule, a mere docket entry would not be sufficient to constitute a judgment or a decree of court, unless there is an indication in the record of the hearing that the trial court called the docket notation to the parties' attention in open court or filed the docket sheet with the clerk as his judgment. *Formby's KOA*, 730 S.W.2d at 430.

Skidmore also argues that the record shows that the parties, as well as the trial judge, were under the impression that a judgment had not been rendered as of January 18. Skidmore relies on the following statement made by Mullins, attorney for Reid, at the hearing on January 18: "... and there was an agreement reached, read into the record. However, it was never reduced to a judgment." Whether Mullins thought that a judgment had not been rendered as of January 18 is not relevant to our decision in this appeal. The fact that the trial court's judgment had not been reduced to writing and signed by the trial judge would have no effect if the court orally rendered judgment on June 30. *Milwee v. Milwee*, 757 S.W.2d 429, 431 (Tex. App.—Dallas 1988, no writ); *Ex parte Gnesoulis*, 525 S.W.2d at 209.

Skidmore also argues that the following exchange on January 18 between the trial judge and Gotcher, the attorney for Glenn, conclusively establishes that the trial judge had not rendered judgment on June 30:

MS. GOTCHER: Judge procedurally the case is concluded. If either party has a desire to reopen the case, or relitigate the case, the proper procedure is to file another motion to modify.

THE COURT: I thought I understood there was not a signed order.

MS. GOTCHER: There is not one.

THE COURT: Then I guess it is still pending.

We agree with Skidmore that this conversation shows that the trial court "felt the case was still pending because the order had not been signed, ..." but we disagree with his conclusion that the conversation "... therefore shows his present sense impression that as of January 18, 1989, judgment had not been rendered by him." The very fact that the judge signed the proposed order modifying visitation pursuant to the terms of the June 30 agreement shows that the judge concluded on January 18 that appellant's revocation of consent was ineffective and that he was simply reducing his prior decision of June 30 to writing pursuant to the motion to enter order before him. Further, we conclude that the judge's statements on June 30 determine whether he rendered judgment on that date.

■ Skidmore contends that the record of the hearing on June 30 supports his position that the trial judge did not render judgment on that date. Specifically, he argues that the judge's statement, "I'll enter an [o]rder approving the agreement," is insufficient to render judgment on June 30, because it is in the future tense. Skidmore relies on *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), where the court held that "Judgment to be entered" did not constitute rendition of a judgment, since "to be" indicated that a further, future action was necessary. *Id.* at 484. We agree that "to be" indicates an intention to do a future act. However, this Court has held that "I will grant the divorce and will render judgment based on the records which I have read into the record" was sufficient to render judgment at the time the statement was made. *Milwee*, 757 S.W.2d at 431. Skidmore attempts to distinguish *Milwee* from this case, because the trial judge here used the word "enter" instead of "render." We conclude that this technical distinction between *Milwee* and the present case is not controlling. The general rule is that an agreement for judgment will not be enforced unless it is in writing, signed and filed as part of the record, or unless it is made in open court and entered of record. Tex.R.Civ.P. 11 (Vernon Supp.1989); *Milwee*, 757 S.W.2d at 431. In this case, the parties entered into

an agreement whereby Glenn's visitation with her children was increased. The agreement was recited into the record, and, thereafter, the parties in open court stated that they understood the provisions of the agreement. We conclude that the judge's statement, "I'll enter an order approving the agreement," must be read in context to determine its legal effect.

After the trial judge questioned each party individually about his or her understanding of the agreement, the judge made the following relevant statements:

> THE COURT: What it amounts to, this is the time if there is anything that needs to be tended to that we tend to it because it's real difficult for people to keep running back to court to try to change things. One, it's difficult because—to get the Court to hear it. Secondly, it's difficult just because of sheer travel time and expense that everybody has to bear.
>
> Now, you guys think that this deal will keep things together for a reasonable period of time, projecting somewhere out in the future? Okay?
>
> All right. I'll enter an [o]rder approving the agreement.
>
>    *     *     *     *     *     *
>
> This disposes of everything to be heard. I'm releasing Exhibit 1 back to counsel to prepare the decree.

These statements show that the trial judge was finally disposing of the motion to modify on the merits. Accordingly, we hold that the trial judge rendered judgment on June 30. Skidmore's attempt to withdraw his consent to the agreement on January 17 was ineffective because judgment had been already rendered. Skidmore's point is overruled.

The judgment of the trial court is affirmed.