**Susan M. WYATT, Appellant,**

v.

**James T. WYATT, Appellee.**

**No. 05–02–01680–CV.**

Court of Appeals of Texas, Dallas.

May 1, 2003.

---

Pamela McGraw, Sherman, for Appellant.

Barrett Keith Brown, Brown & Butscher, L.L.P., Sherman, for Appellee.

Before Justices O'NEILL, BRIDGES, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Susan M. Wyatt ("Mother") appeals from an order modifying the parent-child relationship. She and appellee James T. Wyatt ("Father") were divorced in 1996. At that time, Father was granted only limited and supervised visitation of the parties' two children. Father brought

this suit seeking to obtain standard visitation. The trial court entered an order—ostensibly based upon the agreement of the parties—granting standard visitation with minor variations in timing and exchange arrangements. Mother filed a motion for new trial arguing that (1) she never agreed to the order's provisions, and (2) the children had suffered since Father had been granted unsupervised visitation. Mother's motion for new trial was denied, and she appealed. We review both the granting of a motion to modify a conservatorship order and the denial of a motion for new trial under an abuse of discretion standard. *Seidel v. Seidel*, 10 S.W.3d 365, 368 (Tex.App.-Dallas 1999, no pet.) (motion to modify); *Preiss v. Moritz*, 60 S.W.3d 285, 295 (Tex.App.-Austin 2001, no pet.) (motion for new trial).

We consider Mother's first two issues together: (1) whether the court's modification order is supported by sufficient evidence, and (2) whether the order is supported by a valid settlement agreement. The Texas Family Code encourages parties to settle their disputes amicably and allows parties to enter into agreements to modify orders concerning possession of their children. TEX. FAM. CODE ANN. § 153.007(a) (Vernon 1996). Such an agreement must be in writing or be made part of the record in open court. *Id.*; *Skidmore v. Glenn*, 781 S.W.2d 672, 674–75 (Tex.App.-Dallas 1989, no writ). If the trial court finds the agreement is in the children's best interest, then the court is to render an order in accordance with the agreement. TEX. FAM.CODE § 153.007(b). In this case, the trial court made an affirmative finding that the requested modification was in the children's best interest, and Mother did not challenge that finding as to any conduct oc-

curring before judgment was entered.[1] Accordingly, if the agreement itself is sufficiently evidenced by the record, then the trial court's order is supported by both an appropriate agreement and sufficient evidence.

The transcript of the hearing on the motion to modify contains testimony from both parents. Father testified first and stated he understood that an agreement had been reached "that standard visitation will commence . . . immediately." He testified further that he understood the proposed modifications to a standard visitation, including a neutral location for the exchange of the children. He asked the court to approve the agreement and stated he believed it to be in the best interest of the children.

Mother then testified and said she had heard all of the questions asked of Father and that she understood the nature of the order the court was planning to enter. She agreed that she would do "whatever it takes" to promote the children's visitation with Father. When asked if there was anything else she wanted the court to consider, she stated that she did not agree with the exchange point location; she believed Father should have to come to her home to pick up the children. In this context, Mother testified there would be no problems if he picked the children up at her residence because "we've resolved everything." The court addressed questions to Mother on the exchange location issue, eliciting Mother's concerns about getting off work, getting the children ready, and arriving at the exchange point on time on Friday evenings. In response to her concerns, the court set the exchange time later on Friday. Father's counsel then asked if Father could keep the children

---

1. Mother did, and does, challenge post-judgment conduct as being contrary to the best interests of the children. That challenge is discussed in her third issue, *infra*.

longer on Sundays, but the court refused so the children could attend church Sunday evenings with Mother. Following these adjustments, both parents testified they would cooperate and work together to do what was best for the children.

Our review of the record establishes there was an agreement by the parties to allow Father standard visitation with the modifications discussed above, including allowing Mother both more flexibility in exchange times and extended possession time for church attendance with her children. The trial court entered its order based on that agreement, and Mother did not pose any objection prior to the rendition of judgment. She could not withdraw her consent to the agreement after the trial court rendered judgment. *See Skidmore,* 781 S.W.2d at 673 (judgment rendered based on agreement to modify possession order when trial judge officially announces decision upon matters at issue). The trial court did not abuse its discretion when it entered the modification order based upon the parties' agreement. We resolve Mother's first two issues against her.

■ In her third issue, Mother avers the trial court abused its discretion when it denied her motion for new trial. Mother testified in support of her motion, and she offered affidavits from her daughter's physician and the children's counselor. She testified initially that she had not agreed to the modified order at the time of the first hearing. Then the majority of her testimony—as well as the affidavit testimony—purported to describe harm to the children caused by unsupervised visits with Father following the modification of the possession order. The trial court solicited evidence that would be relevant to a new trial, specifically evidence that there was no agreement. However, the court refused to consider evidence that related to post-judgment issues, explaining that Mother would have to file a motion to modify the existing order if she wanted to bring that evidence before the court. These rulings appropriately maintained the distinction between complaints related to Father's modification proceeding and complaints that arose after that proceeding was completed. The trial court did not abuse its discretion in rejecting post-judgment evidence at the hearing on the motion for new trial.

■ The only evidence related to the modification proceeding was Mother's testimony that she did not consent to the agreement underlying the court's modification order. Because Mother testified differently at the hearings on the motion to modify and the motion for new trial, her credibility was dispositive. The trial court witnessed Mother's testimony on both occasions. In its role as fact-finder, the trial court is the sole arbiter of a witness's credibility and the weight to be given her testimony. *Bellefonte Underwriters Ins. Co. v. Brown,* 704 S.W.2d 742, 744–45 (Tex. 1986); *Schneider v. Schneider,* 5 S.W.3d 925, 931 (Tex.App.-Austin 1999, no pet.). The trial court clearly determined Mother had consented to the modification agreement, and we will not disturb that resolution of Mother's conflicting testimony. We decide Mother's third issue against her.

We affirm the trial court's order.