

NUMBER 13-06-00370-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

G. CAMERON DUNCAN, JR., F.B. DUNCAN LAND
PARTNERS, LTD., MAY SHELLMIRE DUNCAN,
GENEVIEVE LYKES DUNCAN, MARY BELLE
ROGERS, IN HER CAPACITIES AS EXECUTOR
AND TRUSTEE OF THE ESTATE OF SUSAN
HERSHEY HELM, DECEASED, AND OLIVE
HERSHEY SPITZMILLER,                                                 Appellants,

v.

J. MICHAEL HERSHEY AND JEFFREY M. HERSHEY,        Appellees.

On appeal from the 329th District Court
of Wharton County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Wittig[1]**
**Memorandum Opinion by Justice Wittig**

This is a real estate partition case involving ranch land owned by appellants, G. Cameron Duncan, Jr., F. B. Duncan Land Partners, Ltd., May Shellmire Duncan, Genevieve Lykes Duncan, Mary Belle Rogers, in her capacities as Executor and Trustee of the Estate of Susan Hershey Helm, Deceased, and Olive Hershey Spitzmiller, and appellees, J. Michael Hershey, Jeffrey M. Hershey, (and Matthew R. Helm, Bowie Helm, and Reagan C. Helm), as tenants in common.[2]  The case has been the subject of three prior appeals and had been ruled upon by three commissioners appointed by the trial court to divide the property between its owners.  The commissioners made three reports, which were greeted by various objections.  On the day the case was set for trial, February 6, 2006, the parties announced the case was settled and read a settlement agreement into the record which was "accepted" by the trial judge.[3]

Appellants raise two issues.  In their first issue, appellants assert the judgment does not conform to their agreement and in their second issue they assert the judgment is inconsistent with their agreement.  Because the parties are familiar with the complex undertaking necessary for the partition of the land, we do not include other non-essential background.  *See* TEX. R. APP. P. 47.1  We reverse and remand.

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code.  TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

[2] The appeal of Matthew R. Helm, Bowie Helm, and Reagan C. Helm was dismissed by this court March 29, 2007 under cause number 13-07-00169-CV.  According to the Hershey appellees, the Helms are thus appellees in this appeal.  The objections and defenses we address in this opinion are only those of the two Hershey appellees.

[3] We note the trial judge did not "render" judgment.  *See Comel Aluminiun Co. v. Dibrell*, 450 S.W.2d 56, 59 (Tex. 1970); Cf. TEX. R. CIV. P. 11.

## 1. The Settlement Agreement

According to appellants, on the day of trial, the parties reached an agreement "intending to resolve all outstanding issues." A rule 11 agreement was dictated into the record. The settlement divided various tracts of land to the respective parties. The record reflects that counsel for the appellees queried: "In addition to that, the Ranch Road, we will create a permanent easement whereby you have access to your land and for future generations through the Ranch Road, correct?" Michael Hershey answered: "Yes." Notwithstanding the enunciated language of the agreement, the judgment awarded appellees multiple additional easements through other parties' properties and did not mention the Ranch Road. Nor did the judgment burden appellees' land with easements to be owned by various appellants according to the Commissioners' Report.

The judgment also contradicts provisions in the settlement regarding the "Home Place." The settlement awarded interests in the Home Place to the "Helm interests," the Estate of Susan Helm, Olive Spitzmiller, and "Cam Duncan." The judgment however awarded the same property to G. Cameron Duncan, Sr., Olive Spitzmiller, Bowie Helm, and Matthew Helm. The Estate of Susan Helm received no interest.[4] Furthermore, Cam Duncan, who is G. Cameron Duncan, Jr., received no interest as stipulated in the settlement agreement.[5]

---

[4] As appellees point out in their brief, this particular Helm division may be harmless error if the two Helm brothers were no longer minors and their beneficial interest could be awarded to them as adults. *See* TEX. R. APP. P. 44.1(a)(1). However, neither party furnishes a record citation that would enable us to determine that the Helm brothers were the only beneficiaries intended to receive this apparent bequest, nor is the record clear that both brothers were old enough that their interests had vested under the terms of the granting instrument(s).

[5] Appellees suggest that, upon information and belief, G. Cameron Duncan, Sr. is deceased.

The judgment further contradicts the settlement's allocation of costs and reimbursement of expenses. It provides in part for joint and several liability, when that was not the agreement. Appellees concede this point, and in lieu of remand request that we reform the judgment.

The judgment further contains multiple items not agreed to via the settlement of record. For example, the judgment awarded tracts within the Duncan Brothers Ranch to Olive Spitzmiller and the Duncan group though the settlement does not address such an award. Similarly, Tract 33 is only partially divided to Spitzmiller, but it is divided otherwise by the judgment. This tract is covered by the Commissioners' Report, but the judgment does not faithfully implement even those terms because the judgment does not specify whether the owners are to hold undivided interests as tenants in common or provide the manner in which the parties shall hold their varying interests in Tract 33.

## 2. Appellees Claim Estoppel

One appellee filed a mandamus the same day as the announced settlement, February 6, 2006. Appellants filed a Preliminary Response, indicating in part, that a settlement resolving all issues in controversy had been reached, and that there was no existing controversy involving the relator, the judge, or the real parties in interest. Thereafter, the mandamus petition was dismissed by this Court. Thus, appellees contend appellants are judicially estopped, waived, or committed invited error to now contend there was no settlement. They cite *In the In re C.Z.B.*, 151 S.W.3d 627, 633 (Tex. App.–San Antonio 2004, no pet.) (judicial estoppel is a common law principle which precludes a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation). "The doctrine is designed to protect the integrity of

4

the judicial process by preventing a party from 'playing fast and loose' with the courts to suit its own purposes." *Id.* (citing *In re Phillips*, 124 B.R. 712, 720 (Bankr. W.D.Tex. 1991)). Judicial estoppel most clearly applies where a party attempts to contradict its own sworn statements made in prior litigation. *Id.* Appellees also cite *Webb v. City of Dallas*, 211 S.W.3d 808, 820 (Tex. App.–Dallas 2006, pet. denied) (doctrine of judicial estoppel is most commonly applied to the sworn statements of witnesses; however it also applies to the statements of attorneys explaining their clients' position in the litigation). Estoppel is an affirmative defense. TEX. R. CIV. P. 94. Appellees do not point out where this argument, or a corresponding objection and pleading was presented to the trial court. By failing to raise this issue to the trial court, it is waived. *In the Interest of C.Z.B.*, 151 S.W.3d at 633. Even if we were to assume some type of estoppel, appellees' argument begs the question and does not address the gravamen of appellants' appeal. The gravamen of appellants' argument is that the trial court varied the terms of the settlement agreement and added terms not mentioned in the settlement. Furthermore, there was a lack of required consent at the time the judgment was rendered. *See Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006).

Appellees next argue waiver. Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Barrand, Inc. v. Whataburger, Inc.*, 214 S.W.3d 122, 144 (Tex. App.–Corpus Christi 2006, pet. dism'd) (citing *Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 788 (Tex. App.–Dallas 2002, pet. denied)). A waivable right may spring from law or from a contract. *Id.* (citing *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)). Appellees contend that although waiver is ordinarily a question of fact, when the facts and circumstances are

admitted or clearly established, the question becomes one of law. *Whataburger, Inc.*, 214 S.W.3d at 144.

We agree that a party's express renunciation of a known right can establish waiver. *Tenneco Inc.*, 925 S.W.2d at 643. Silence or inaction, for so long a period as to show an intention to yield the known right, is also enough to prove waiver. *Id.* Waiver is also an affirmative defense. *Id.* Again, appellees do not point to any pleading of waiver or objection ruled on by the trial court on this issue. Thus, this issue is waived. TEX. R. APP. P. 33.1(a)(1)(A). In any event, appellants neither renounced nor sat silently when the trial court entered a judgment contrary to the express terms of the announced settlement agreement. Nor do we read appellants' complaints to be that there was no settlement, rather that it was incomplete with the trial judge entering a judgment not based upon the agreement made.

Appellees next argue "invited error." A litigant cannot ask something of a court and then complain that the court committed error in giving it to him. *Northeast Texas Motor Lines, Inc. v. Hodges,* 138 Tex. 280, 282, 158 S.W.2d 487, 488-89 (Tex. 1942) (because party presented two issues together, it cannot be heard to complain that court chose the issue the more onerous to it). Error in requesting an action cannot be urged by a party who requested the same action. *Corpus Christi Nat'l Bank v. Gerdes*, 551 S.W.2d 521, 525 (Tex. Civ. App.–Corpus Christi 1977, writ ref'd n.r.e.). We agree in principle. However, appellants attempt to have an agreed judgment entered by the trial court based on the rule 11 agreement, did not include a request that the judgment terms differ from the announced settlement terms. Appellants did not request the court to vary the terms of the settlement.

6

Appellants respond that the main outline of the settlement had been agreed to although some "blanks still needed to be filled in." This is supported by the record of the settlement hearing. Further, in appellants' preliminary response to appellee's mandamus action, the pleading itself stated: "The final disposition of this case will involve significant further efforts. . . ." It went on to state that a final judgment was not practicable at that time, given the need to accomplish further elements described in the agreement. Appellants also contend that appellees' new appellate defense bars only upon part of appellees' argument that the settlement agreement did not resolve all issues. Appellees' defenses do not countermand appellees' arguments that: (1) the judgment contradicts the terms of the settlement; and (2) the judgment contains matters not agreed to in the settlement agreement. When appellees filed their preliminary response to the mandamus on February 17, 2006, almost a month before appellees submitted their proposed judgment, there was "no way of knowing" the proposed judgment would contradict the settlement agreement. We agree. Appellees arguments of estoppel, waiver, and invited error are overruled.

### 3. Standard of Review

A judgment by consent is contractual in its nature and should be so construed, but it is more than a mere contract between the parties. *Wagner v. Warnasch*, 156 Tex. 334, 339, 295 S.W.2d 890, 893 (Tex. 1956). "The fact that a judgment is rendered by consent gives it neither less nor greater force or effect than it would have had it been rendered after protracted litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties." *Id.* A consent judgment is mandatory, and imposes upon the parties obligations just as certainly as if that obligation had been

7

imposed by the court after trial on the merits. *Id.* "The powers of the judge, exercised by virtue of agreement of the parties, extend, we think, to entering only such judgment as was a literal compliance with the agreement." *Wyss v. Bookman*, 235 S.W. 567, 569 (Tex. Comm'n App. 1921). When a consent judgment is rendered without consent or is not in strict compliance with the terms of the agreement, the judgment must be set aside. *Chisholm*, 209 S.W.3d at 98.

The power to render an agreed judgment depends upon the "substance of the consent" at the time judgment is rendered. *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983). A party has the right to revoke his consent at any time before the rendition of judgment. *Id.* (citing *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874 (Tex. 1982)). When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, the trial court should refuse to sanction the agreement by making it the judgment of the court. *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951)*.*

> A better statement of the general rule is that Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits, including, but not limited to, agreed judgments. *Burnaman* stands for the proposition that, notwithstanding a valid Rule 11 agreement, consent must exist at the time an agreed judgment is rendered.

*Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984); *see* McDonald, *Texas Civil Practice in District and County Courts* § 17.22 (1971); *see Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871 (1939) (holding that an agreement that fails to comply with the rule will not support a consent judgment). As a general rule, compliance with rule 11 is necessary but not sufficient for an agreed judgment. *Kennedy,* 682 S.W.2d at 529. When parties submit conflicting motions for judgment, the trial court is put on notice that mutual consent of the

8

parties is lacking. *Milstead v. Milstead*, 633 S.W.2d 347, 348 (Tex. App.–Corpus Christi 1982, no writ). At that point, rather than granting one party's motion and denying the other, the court should deny both motions on the ground that mutual consent is lacking. *Id.*

To preserve a complaint for appellate review, the record must show that the complaint was presented to the trial court by timely request, objection, or motion stating the specific grounds for the desired ruling if such grounds are not apparent from the context and the trial court ruled on the request. TEX. R. APP. P. 33.1; *Ricks v. Ricks*, 169 S.W.3d 523, 528 (Tex. App.–Dallas 2005, no pet.)

### 4. Hershey Easements

Appellees drafted the proposed judgment in contradiction of the agreement that provided that Kevin Beiter was given the responsibility of drafting the judgment. According to the Duncans, the proposed form of judgment was to have been circulated and approved in advance by all the parties. This was not accomplished. After some delay, appellees proceeded on their own and submitted their preferred form of judgment to the court. Numerous objections were sounded by the various appellants. Now, appellees seek to contest the sufficiency of discreet objections as to each of appellants' argued discrepancies. We have already noted that the settlement agreement granted appellees only an easement accessing their land "through the Ranch Road." The judgment submitted by appellees granted easements "for use of all ranch roads now existing." The Duncan parties and Rogers objected to this language. Likewise Spitzmiller objected and also pointed out the settlement agreement only gave access to ranch roads that give access to appellees property. Appellees contend that the final language cured the objections because the easement was for use of all ranch roads now existing that access

9

"Back of the Front (East Half), Cook and Shoestring." Appellees argue there is no error because the judgment does not read as appellants claim. In effect, appellees' argument creates a disputed fact issue concerning the location of various easements.

Appellants point out that even if Spitzmiller's objection was met, the Duncan objections were not. According to the Duncan objections, the parties were to document: "[a] a permanent easement granting Plaintiffs' (appellees') access to their land via the Ranch Road." The Duncans also aptly pointed out to the trial judge: "The proposed decree unilaterally presented by the Plaintiff's has not been and is not <u>agreed</u> to by all of the parties hereto." (emphasis in the original). We hold that appellants sufficiently made the trial court aware of their complaints. TEX. R. APP. P. 33.1(a)(1)(A); *see Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43 (Tex. 2007) (preservation of error generally depends on "whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling."). We reject appellees' arguments.

### 5. The Home Place

The settlement agreement awards an undivided interest in the Home Place property to the Helm interests, the Estate of Susan Helm, Olive Spitzmiller and Cam Duncan. The judgment awards the property to the Helm Brothers, Spitzmiller, and G. Cameron Duncan, Sr. According to appellants, Cam Duncan is G. Cameron Duncan, Jr., not senior. Appellees argue that the Duncan objections that the judgment should be based upon the terms of the settlement and agreement is lacking because they do not discuss the Home Place. Appellees also argue an insufficient objection on behalf of Rogers because she had no stake in the Home place. This is incorrect because Rogers was both the trustee

10

and executor of the Susan Helm Estate.[6] Rogers specifically objected to the allocation of the Home Place found in paragraph 6 because it was not contemplated by the parties settlement.

Appellees also boldly assert "no variance between it [judgment] and the Settlement Agreement. . . ." We disagree. Appellees cite *E. C. v. Graydon*, 28 S.W.3d 825, 828 (Tex. App.–Corpus Christi 2000, no pet.) (one party preserved the complaint for review; appellant did not); *see also* TEX. R. APP. P. 33.1. Appellees also cite *Dal-Chrome Co. v. Brenntag Southwest, Inc.*, 183 S.W.3d 133, 144 (Tex. App.–Dallas 2006, no pet.) ("To preserve a complaint of error in a judgment, a party must inform the trial court of its objection by a motion to amend or correct the judgment, a motion for new trial, or some other similar method.") Appellees contend that if there was error concerning the award of the Home Place, appellants should also have complained after the judgment was signed.

In their joint motion for new trial, appellants complained that the court made alterations and amendments to the final judgment. The judgment was entered without a trial, and the entry was not agreed to by all the parties. Further, the entry was contrary to the agreement announced on the record and is unsupported by the record (the rule 11 agreement.) The intent of the parties was to draft and present an agreed form of decree of partition that would accurately describe each of the partition tracts, clearly delineate the easements to be granted, and provide for delineation of certain remainder interests. Appellants, in their motion for new trial, also argued alternatively that there was a rule 11

---

[6] The Helm brothers were presumably heirs of their mother's estate and/or trust. Although Bowie Helm may have reached his majority, based upon the settlement record, his interest apparently would not have vested until he reached the age of twenty-five. The status of Reagan Helm as an heir, vel non, is not apparent from the record.

11

agreement, that it was not waived by the parties, and the agreement was not amended. We find that appellants once again appropriately apprised the trial court of its error and preserved their complaints for appeal. *See id.*; *see also Royce Homes, L.P. v. Humphrey*, 244 S.W.3d 570, 582 (Tex. App.–Beaumont 2008, pet. denied) (error preserved on complaint by including it in the motion for new trial).

### 6. Appellants' Easements; Tract 33

Appellees also argue that appellants seek additional easements for their own benefit that are not part of the rule 11 agreement. Appellees rely on authority also cited by appellants, *Farr v. McKinzie*, 477 S.W.2d 672, 677 (Tex. Civ. App.–Houston [14th Dist.] 1972, writ ref'd n.r.e.) (court below had no power to alter the agreement or to supply the additional terms as it did; court had only the power to put the agreement into recordable judgment form). We agree. However, the same situation is also presented in the disagreement over Tract 33.

Tract 33 is only partially mentioned in the settlement agreement, yet the trial court awarded non-specific portions of the tract to Spitzmiller, the Duncan group, and the Helm group. For example, Spitzmiller is awarded the property described in Exhibit 1.F of the judgment constituting a portion of Tract 33. Exhibit 1.F simply reiterates "A portion of the tract sometimes known as Tract 33 or the River Tract Awarded to Olive Hershey Spitzmiller." The only language in the settlement agreement awards "the bottom of Tract 33 and northwest corner." There are no divisions to the Helm or Duncan groups in the settlement agreement, yet they are recited in the judgement. Appellees suggest that appellants should re-petition the court to clarify and enforce the judgment "if these awards

are not sufficiently clear to the Appellants. . . ." We reject this argument because the trial court was without power to supply additional terms to the judgment. *Id.*

### 7. Lone Tree Tract

According to appellants, the settlement agreement provided that the Estate of Susan Helm was to receive a small tract contiguous to the "Long Tree" (Lone Tree Tract). Contrary to those terms, the Helm group was awarded the Lone Tree Tract itself in the judgment. Furthermore, the judgment provided that Bowie, Matthew, and Reagan Helm receive an undivided interest. Yet, according to appellants, Reagan Helm had no interest in the Lone Tree Tract, at least based upon the Commissioners' Report. Again, easements were not provided to this tract. Appellees again complain that appellants did not properly object to obvious discrepancies between the settlement agreement and the judgment. Yet Rogers notified the court through her objections to the proposed judgment that the judgment failed to properly identify the owners or allocation of the Lone Tree Tract and the River Tract. Rogers, as executor and trustee of the Estate of Susan Helm, Deceased, was to receive 94.896% with fractional shares going to Bowie, Matthew, and Reagan Helm. Her objections state in detail that the tract owners are not properly identified. She also draws the courts attention to the total lack of a proper legal description of the Lone Tree Tract and the River Tract. In addition, the Motion for New Trial by all appellants pointed out to the trial court: (1) the judgment was not agreed to by all the parties; (2) the entry was contrary to the agreement announced on the record; and (3) the judgment was unsupported by the record. We hold that appellants sufficiently apprised the trial court of its error. TEX. R. APP. P. 33.1; *Humphrey,* 244 S.W.3d at 582; cf. TEX. R. CIV. P. 324(a).

13

## 8. Conclusion

In *Chisholm*, the supreme court discussed a similar factual situation to the one presented here for our review. *See Chisholm*, 209 S.W.3d at 98. One of the parties, Chisholm, apparently consented to the custody arrangements and the sale of the marital residence. *Id.* However, nothing in the record showed that she consented to the property division. *Id.* A court "cannot render a valid agreed judgment absent consent at the time it is rendered." *Id.* (citing *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (per curiam)*; Padilla v. LaFrance*, 907 S.W.2d 454, 461-62 (Tex. 1995)). In *Chisholm*, the judgment was not "in strict or literal compliance" with the terms recited into the record and the judgment improperly removed and added material terms. *Id.* When a consent judgment is rendered without consent, or is not in strict compliance with the terms of the agreement, the judgment must be set aside. *Id.* (citing *Burnaman,* 240 S.W.2d at 291-92)*.

As discussed above, there are material differences between the settlement agreement and the judgment concerning the Hershey easements, the Home Place, the Lone Tree Tract, allocation of expenses, reimbursements, and court costs. The trial court did not enter judgment in strict or literal compliance with the record terms. Furthermore, the settlement agreement did not reflect additional easements claimed by appellants. Nor did the settlement agreement provide for a full disposition of Tract 33, as recited in the judgment. Because there was no agreement as to some essentials of the judgment, either in writing or made in open court and entered of record, the divisions are not enforceable

as a matter of law. *Knapp Med. Ctr. v. De La Garza,* 238 S.W.3d 767, 768-69 (Tex. 2007).[7]

While we agree with appellees in general terms that we could perhaps modify the judgment as to non-substantive matters such as court costs where the record clearly reflects the agreement of the parties, we decline to do so given the breath of discrepancies between the settlement agreement and the judgment in addition to the fact that the judgment is not being "affirmed as modified." *See* TEX. R. APP. P. 43.2(b).

We reverse and remand for a new trial with instructions that an agreed judgment may only be entered with strict or literal compliance to any settlement agreement and only with consent of all parties at the time the judgment is entered.

DON WITTIG
Justice

Memorandum Opinion delivered and
filed this 23rd day of April, 2009.

---

[7] We agree with appellees that the Dobson Life Estate lands were not part of the property subject to the partition suit, and thus, would not be necessarily included within the judgment. Nevertheless, if included, the judgment must be agreed upon by all parties as to the particulars at the time it is rendered.

15