# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00361-CV

**In re Marvel Reed**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## DISSENTING OPINION

Because I interpret the language of the Minnesota trial court's order to be consistent with that of a "writ, mandate, or commission" as contemplated by section 20.002 of the Texas Civil Practice and Remedies Code and the rules of civil procedure, I would deny mandamus relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 20.002 (West 2008); Tex. R. Civ. P. 201.2.

While the Minnesota court order uses the future-tense language, "A writ shall be issued," the context of this language reveals that no further judicial action is contemplated. The order requires Reed to produce documents "within 15 days from the date of this Order" and to submit to a deposition "within 30 days" of receipt of such documents. One would assume that if the trial court intended to require some future judicial action before its order could be enforced, such action would have been taken within the 15-day deadline for the production of documents. Significantly, the trial court signed its order almost five months ago and no additional writ has issued in the interim. Texas courts have recognized that the language of trial court orders should be read in context, so that form is not elevated over substance and cases are not decided based on the inclusion or omission of "magic words." *See Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803,

810-11 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that right to seek expunction of arrest records "should not turn upon whether the trial court uses 'magic words' in its discharge order"); *Oryx Energy Co. v. Union Nat'l Bank*, 895 S.W.2d 409, 417 (Tex. App.—San Antonio 1995, writ denied) ("Courts should not decide cases based on the inclusion or omission of 'magic words.' Instead decisions should be based upon the facts as recited in the record as a whole."); *Skidmore v. Glenn*, 781 S.W.2d 672, 675 (Tex. App.—Dallas 1989, no writ) (explaining that trial court's future-tense statement, "I'll enter an order approving the agreement," when read in context, was sufficient to render judgment at time it was made). Based on the context of the Minnesota court's order, I interpret the language, "A writ shall be issued," to be self-activating, so that the writ issued contemporaneously with that declaration. Relator has presented no persuasive authority to suggest otherwise.

Black's Law Dictionary defines a "writ" as "[a] court's written order, in the name of a state or other competent legal authority, commanding the addressee to do or refrain from doing some specified act." Black's Law Dictionary 1602 (7th ed. 1999). The Minnesota court order, which commands that certain documents be produced within 15 days, qualifies as a "writ" under this definition.[1]

---

[1] Similarly, one widely respected commentator has stated that Texas Rule of Civil Procedure 201.2 applies any time "a court of record of any other state or foreign jurisdiction *issues an order* that requires a witness's oral or written deposition testimony in Texas." MICHOL O'CONNOR, O'CONNOR'S TEXAS RULES * CIVIL TRIALS 464 (Michol O'Connor & Byron P. Davis eds., 2009) (emphasis added). The Minnesota court's order, a certified copy of which was filed in Williamson County District Court, represents precisely this type of order.

Mandamus relief should only be granted "to correct a 'clear abuse of discretion' committed by the trial court." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1991). A trial court abuses its discretion if it "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). "A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden." *Id.* Because the order of the Minnesota court could reasonably be read as a "writ, mandate, or commission" requiring Reed's deposition testimony in this State, the trial court did not commit a clear abuse of discretion, but fulfilled its duty under the civil practice and remedies code and rules of civil of procedure to honor the discovery order of a foreign court. Furthermore, the trial court properly afforded Reed, as a nonparty witness, the same protections that would be given a nonparty witness in "a proceeding pending in this State," Tex. R. Civ. P. 201.2, by issuing a protective order and allowing all personal information to be redacted from the documents produced. As a result, I respectfully dissent from the majority's decision to grant extraordinary relief.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Patterson and Henson

Filed: July 10, 2009

3