

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00493-CV

Rory W. **COMERIO**,
Appellant

v.

Debra Ann **COMERIO**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-19928
Honorable Antonia Arteaga, Judge Presiding[1]

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  June 4, 2014

AFFIRMED

Rory W. Comerio appeals the trial court's judgment rendered pursuant to an agreement

reached at an informal settlement conference. We affirm.

Appellee Debra Ann Comerio filed a petition for divorce on December 12, 2012. A week

later, on December 19, 2012, the parties signed an Agreement for Divorce. The Agreement was

signed by both parties and contained a prominently displayed statement that it was not subject to

---

[1] The Honorable Karen Pozza, Presiding Judge of the 407th Judicial District Court of Bexar County, Texas, orally rendered judgment. However, the Honorable Antonia Arteaga granted the motion to enter judgment and signed the final decree.

revocation. The Agreement provided that appellee was to present it to the trial court and request rendition of judgment as soon as possible after the mandatory sixty-day waiting period and that the parties would thereafter cooperate in securing entry of a final decree consistent with the terms of the Agreement. The signed Agreement was filed in the trial court on December 19, 2012.

At a prove-up hearing held February 19, 2013, appellee testified she and appellant had reached an agreement regarding conservatorship, child support, health insurance and the division of the community estate. She further testified that the terms of the agreement were contained in the signed Agreement for Divorce. Appellee asserted she was asking the trial court to grant the divorce, to which the trial court responded, "Granted and rendered."

Appellee's attorney subsequently prepared a final Decree of Divorce and filed a motion to enter judgment. The following day, appellant filed a "Revocation of Prior Consent," giving notice that he was revoking all prior agreements, including the Agreement for Divorce. At the April 25, 2013 non-evidentiary hearing on the motion to enter judgment, the trial court ruled the Agreement was binding and irrevocable and that the trial court had impliedly found the Agreement was just and right when it rendered judgment on February 19, 2013. The trial court signed the final Decree of Divorce at the conclusion of the hearing. Although appellant timely requested findings of fact and conclusions of law, he did not file a notice of past due findings and conclusions, and the trial court did not issue any. Appellant timely filed a notice of appeal.

### DISCUSSION

Appellant first contends the trial court erred by not making a finding that the Agreement was "just and right." We disagree.

The Agreement recites that it is entered into pursuant to section 6.604 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 6.604 (West 2006). Section 6.604(a) and (b) provide that the parties to a divorce may enter into a written settlement agreement at an informal settlement

conference and that the agreement is binding on the parties if certain conditions are met. *See id.* § 6.604(a)-(b).  It is undisputed in this case that the Agreement met those conditions.  *See id.* § 6.604(b).  The rest of section 6.604 provides:

> (c) If a written settlement agreement meets the requirements of Subsection (b), a party is entitled to judgment on the settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.
>
> (d) If the court finds that the terms of the written informal settlement agreement are just and right, those terms are binding on the court.  If the court approves the agreement, the court may set forth the agreement in full or incorporate the agreement by reference in the final decree.
>
> (e) If the court finds that the terms of the written informal settlement agreement are not just and right, the court may request the parties to submit a revised agreement or set the case for a contested hearing.

*Id.* § 6.604 (c)-(e).  The trial court in this case rendered judgment and signed a decree based on the terms of the written informal settlement agreement.  Because the trial court did not issue any findings of fact and conclusions of law, it is implied that the trial court made all the findings necessary to support the judgment, including a finding that the terms of the Agreement are just and right.  *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).  Appellant has not cited any authority that supports his contention that section 6.604 requires the trial court's finding that the terms are "just and right" be made expressly on the record.  Nothing in the record suggests the trial court did not review the terms of the Agreement or did not find them to be just and right.  We therefore hold the trial court impliedly found the terms of the written informal settlement agreement were just and right.

Appellant next argues that section 6.604 of the Family Code precludes the trial court from rendering judgment without *first* (1) making an express, on-the-record evaluation of the terms of the agreement and expressly determining the terms are just and right and (2) "orally enter[ing] the terms of the . . . [a]greement into the record" or incorporating the terms of the agreement into the

record by reference. Appellant contends neither of these things were done at either the prove-up hearing or at the hearing on the motion to enter and that it was therefore error for the trial court to render judgment.[2]

Appellant is correct that the record does not contain a substantive discussion between the court and appellee or her counsel about the terms of the Agreement and does not contain an express, affirmative statement by the trial court that the terms are "just and right." However, we do not believe section 6.604 can be fairly construed to impose those requirements, and appellant does not cite any authority that it does.

We also disagree with appellant's construction of section 6.604 to require the court to read the terms of the agreement into the record or expressly incorporate them by reference *before* it can render judgment. Rather, subsection (d) of section 6.604 means that once the trial court finds the terms of the agreement to be just and right, the trial court may render judgment. The trial court is then bound by the terms of the agreement and they must be included or incorporated into the final decree. It is clear from the context of the February 19 hearing that the trial court rendered judgment based upon the terms of the Agreement that had been filed with the court, and appellant does not contend that the final decree varies from those terms.

Finally, appellant contends the trial court erred by signing the final decree after appellant revoked his consent to the agreement. His argument is premised on his contention that the trial court did not and could not render judgment at any time before he filed his revocation of consent. *See Samples Exterminators v. Samples*, 640 S.W.2d 873, 874 (Tex. 1982) (per curiam) (stating that as a general rule, party may withdraw consent to an agreement before judgment is rendered).

---

[2] We note that appellant does not substantively challenge the trial court's implied finding that the terms of the Agreement are just and right. Nor does appellant argue that the terms of the Agreement are not reflected in the final decree.

"Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (per curiam). "The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *Id.* In determining whether the trial court rendered judgment, the judge's statement "must be read in context to determine its legal effect." *Skidmore v. Glenn*, 781 S.W.2d 672, 675 (Tex. App.—Dallas 1989, no writ).

At the February 19, 2013 hearing, appellee told the court the parties had reached an agreement on the material issues in the case. The written, signed agreement was filed of record. Appellee asked the trial court to grant judgment and the trial court responded, "Granted and rendered." The trial court's words could only mean it intended to render judgment at that time. Nothing in the context or the court's words suggested the court intended to render judgment in the future. As we held above, the trial court was not required to engage in an on-the-record evaluation of the terms of the agreement, affirmatively state that they are just and right, or read the terms into the reporter's record before it could render judgment. We therefore conclude the trial court rendered judgment on February 19, 2013. *See Joyner v. Joyner*, 196 S.W.3d 883, 885-86 (Tex. App.—Texarkana 2006, pet. denied) (holding trial court's announcement "your divorce is granted" in divorce and conservatorship case in which parties had signed mediated settlement agreement that complied with statute was rendition of judgment). Accordingly, appellant's attempt to revoke his agreement, filed almost two months after judgment was rendered, was ineffective.

### CONCLUSION

We hold the trial court impliedly found the terms of the Agreement for Divorce were just and right, that the trial court rendered judgment on February 19, 2013, and that the trial court did not err in so rendering. We further hold the trial court did not err in failing to give effect to appellant's revocation of consent, which was filed after judgment was rendered.

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice